Certiorari Denied, No. 31,410, December 30, 2008

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-018**

**Filing Date: September 16, 2008**

**Docket No. 28,590**

**BURR E. LEE, JR. and RUTH C.**
**LEE SELF-DECLARATION OF**
**TRUST, by and through itself**
**and/or by and through RICHARD**
**A. VAN AUKEN, trustee,**

      **Plaintiffs-Appellants,**

**v.**

**CATRON, CATRON & POTTOW, P.A.,**
**FLETCHER R. CATRON, and**
**KAREN AUBREY,**

      **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Richard A. Van Auken
Santa Fe, NM

Pro Se Appellant

Law Office of Jack Brant, P.C.
Jack Brant
Albuquerque, NM

for Appellees Catron, Catron & Pottow, P.A.,
and Fletcher R. Catron

Dixon, Scholl & Bailey, P.A.
Gerald G. Dixon

Jennifer M. Rozzoni
Albuquerque, NM

for Appellee Karen Aubrey

## OPINION

**SUTIN, Chief Judge.**

**{1}**    Richard Van Auken, Trustee of the Burr E. Lee, Jr. and Ruth C. Lee Self-Declaration of Trust (the Trust), appeals pro se from an order of the district court dismissing without prejudice the complaint filed by the Trust.  Defendants moved to dismiss this appeal on the basis that Van Auken could not represent the Trust on appeal.   In our calendar notice, we proposed to dismiss the appeal.  Both parties have responded.   We have considered the arguments made by the parties and dismiss the appeal.

**{2}**    In our calendar notice, we pointed out that we had previously required that the Trust be represented by counsel.  In so doing, we relied on *Martinez v. Roscoe*, 2001-NMCA-083, ¶¶ 7, 15, 131 N.M. 137, 33 P.3d 887, where we required a limited liability company to be represented by counsel.  The basis of the holding in *Martinez* was that an artificial entity could not be represented in court by a person who is not a licensed attorney.  *Id.* ¶¶ 5, 7.

**{3}**    Van Auken argues that there is no basis on which to conclude that a trust is a legal entity that must be represented by counsel.  He quotes treatise language stating that a trust is not an entity. *Loring:  A Trustee's Handbook* 13 (2006 ed.).  He also quotes out-of-state authorities supporting the notion that a trust is not a legal entity, but rather a fiduciary relationship that acts solely through the trustee.  It is true that a trust is not a legal entity and that the trustee is the proper person to sue or be sued on behalf of the trust.  *See* NMSA 1978, § 46A-8-816(X) (2003) (describing trustee's power to prosecute or defend action to protect trust property).  However, simply because a trust is not a legal entity that can sue or be sued apart from its trustee does not mean that the trustee can represent the trust pro se.

**{4}**    Whether or not a trust is a legal entity does not answer the question.  The answer turns upon the trustee himself.  It is clear that the trustee is to administer the trust "solely in the interests of the beneficiaries."  NMSA 1978, § 46A-8-802(A) (2003) (amended 2007). Thus, a trustee is acting on behalf of others who are beneficiaries of the Trust property.  Van Auken argues that the beneficiaries have no title to, power over, or duty to the Trust property.  That is true.  However, Van Auken, as trustee, manages the Trust properties for the benefit of the beneficiaries.  When he acts for the Trust, he acts for others than himself.

**{5}**    Our case law is clear that "[t]he practice of law is usually interpreted to entail the representation of others." *United States v. Martinez*, 101 N.M. 423, 423, 684 P.2d 509, 509 (1984). The representation of parties before judicial or administrative bodies constitutes the practice of law. *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 85 N.M. 521,

2

526, 514 P.2d 40, 45 (1973). One who is not a licensed attorney cannot represent others in court. *See Chisholm v. Rueckhaus*, 1997-NMCA-112, ¶ 6, 124 N.M. 255, 948 P.2d 707. Because there are beneficiaries of the Trust other than Van Auken himself, his representation of the Trust results in him representing the interests of others, which is the unauthorized practice of law. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987); *Zeigler v. Nickel*, 75 Cal. Rptr. 2d 312, 314-15 (Dist. Ct. App. 1998). Where one is acting as a fiduciary for the benefit of others, he may not present arguments to a court pro se. *See Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex App. - Waco 2006). It is only where a trustee is the sole beneficiary that the trustee may represent a trust or an estate pro se. *See Tradewinds Hotel, Inc. v. Cochran*, 799 P.2d 60, 66 (Haw. Ct. App. 1990).

**{6}** Van Auken argues that in this case an attorney would be unable to properly represent the Trust. He apparently bases this argument on his past experiences with attempts to retain counsel. He argues that licensed attorneys as a class in New Mexico refuse to represent him and the Trust against other attorneys who he alleges permitted Trust property to be improperly removed from the Trust. He argues that that refusal acts as a defense against his complaints, preventing him from exercising his duty of loyalty to the Trust. However, simply because Van Auken has been unable to find counsel to represent him does not allow him to engage in the unauthorized practice of law.

**{7}** For the reasons stated herein and in the notice of proposed disposition, the appeal is dismissed.

**{8}** **IT IS SO ORDERED**.

_____
**JONATHAN B. SUTIN, Chief Judge**


**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CELIA FOY CASTILLO, Judge**


**Topic Index for *Lee v. Catron*, No. 28,590**


| **AE** | **Appeal and Error** |
| --- | --- |
| AE-DA | Dismissal on Appeal |
| AE-PR | Pro Se Representation on Appeal |

| **AT** | **Attorneys** |
| --- | --- |

3

AT-UP            Unauthorized Practice

**CP**            **Civil Procedure**
CP-PS            Pro Se or Self Represented Litigant

**WL**            **Wills, Trust and Probate**
WL-TG            Trusts, General