This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO ex rel.**
**OFFICE OF THE STATE ENGINEER,**

Plaintiff-Appellee,

v.                                                                            NO. 28,489

**ELEPHANT BUTTE IRRIGATION DISTRICT,**

Defendant-Appellee

and

**LION'S GATE WATER,**

Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

Gary K. King, Attorney General
DL Sanders, Special Assistant Attorney General
Richard A. Allen, Special Assistant Attorney General
Santa Fe, NM

for Appellee Office of the State Engineer

A. Blair Dunn

Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Appellant, Lion's Gate Water (LGW), appeals the order denying its motion to intervene and requiring that it be represented by counsel. LGW's notice of appeal was not filed by an attorney. We proposed summary dismissal on grounds that the notice of appeal was defective at which time LGW retained counsel and claimed this cured the procedural defect. We allowed LGW's appeal to proceed in order to assess this claim. We hold that LGW's notice of appeal was improperly filed, that LGW's decision to retain counsel after filing the notice of appeal did not remedy this fact and, therefore, we lack subject matter jurisdiction to entertain LGW's appeal.

**BACKGROUND**

On June 14, 2007, LGW filed a motion in the Third Judicial District Court seeking to intervene under Rule 1-024 NMRA in the Lower Rio Grande Stream Adjudication (LRGSA). In late August 2007, LGW filed a supplemental motion to intervene. Appellee, the Office of the State Engineer (the State), opposed both motions on their substance and on the grounds that William W. Turner (Turner) could not represent LGW pro se. In both motions to intervene, LGW described itself as a

limited liability, common-law, discretionary business trust created in Vancouver, British Columbia, Canada by that certain Contract and Declaration of a Trust dated April 22, 2004, and doing business in New Mexico as a foreign trust pursuant to State Corporation Commission certificate number 2506673. As we later discuss, LGW described itself in various other ways throughout these proceedings.

LGW's motions were signed by Turner. Turner is not an attorney. According to Turner, he is LGW's sole trustee and his educational and professional background are in geology and hydrology.

On December 19, 2007, the district court held a hearing on LGW's motions. Turner appeared on behalf of LGW. The district court started the hearing by reminding Turner that the court had entered a case management order requiring any party who ordinarily would require an attorney to have one present at the hearing. The district court further explained that before the hearing, it had contacted Turner to ensure that he was aware of the order. The district court reminded Turner of this fact and explained to Turner that "any kind of corporate entity, such as a trust, corporation, partnership[], etc." was required to be represented by counsel.

Turner acknowledged that he was aware of the order, but he disagreed with the district court's conclusion that LGW is the type of entity that must be represented by an attorney. Turner claimed that LGW was exempt from this rule and, as LGW's sole

trustee, he was permitted to represent LGW pro se. The district court disagreed. Nevertheless, for purposes of judicial efficiency, the court proceeded to hear the merits of LGW's claim of intervention.

After considering the parties arguments, the district court denied LGW's motion to intervene on grounds that LGW did not have an interest in the LRGSA. The court also concluded that LGW must be represented by an attorney. Though it did not attempt to identify LGW's exact legal status, the district court concluded that "the entity that filed the motion to intervene is the type of entity that must have an attorney." A written order memorializing these decisions was entered on February 13, 2008.

On March 12, 2008, LGW filed a notice of appeal. It was signed by Turner. LGW filed a docketing statement in April 2008 that was also signed by Turner. On May 19, 2008, this Court proposed summary dismissal of LGW's appeal on grounds that the notice of appeal and docketing statement had been improperly filed by a non-attorney on behalf of LGW. On May 21, 2008, an attorney entered an appearance on behalf of LGW. LGW claimed that, having retained an attorney, it should be permitted to proceed with its appeal. We reassigned this matter to the general calendar instructing the parties to address whether LGW's notice of appeal was defective because it was not filed by an attorney and, if so, whether LGW cured that

4

defect by subsequently retaining counsel.

**DISCUSSION**

We first consider whether LGW's notice of appeal was defective because it was not filed by an attorney. In *Martinez v. Roscoe*, 2001-NMCA-083, ¶¶ 3-15, 131 N.M. 137, 33 P.3d 887, we dismissed the appeal of a limited liability company on the grounds that the appeal had been improperly filed pro se by the non-attorney manager of the company. *Id.* ¶¶ 4, 15. We held that a limited liability company is an artificial legal entity that requires legal representation by a licensed attorney. *Id.* ¶¶ 5-8. Our holding was based on United States Supreme Court precedent prohibiting non-attorneys from representing artificial legal entities, state court cases with the same holding, and a Second Judicial District local rule requiring corporations to be represented by attorneys. *Id.* ¶¶ 4-7. We rely on *Roscoe* for guidance in this case.

In the case before us, the district court entered an order—the fourth amended case management order—regarding representation of legal entities such as trusts, partnerships, and corporations. Paragraph H of the order specifically states that "in any hearing where relief or action of the court is requested," as occurred with the filing on LGW's motion to intervene, "such entities shall not be permitted to participate without an attorney."

LGW appears to acknowledge that Turner's pro se filing of an appeal in this case was a mistake, but goes on to argue that LGW is not the type of entity that is required to have representation by counsel before the courts. LGW makes this argument without authority. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that we will not review issues unsupported by authority). It cites to a number of out-of-state cases and treatises, but none is on point.

We first observe that LGW has described itself in a variety of different and complex ways throughout the proceedings. LGW has claimed that it is a business trust; a Massachusetts' business trust; a foreign trust; a foreign, discretionary, common-law, express business trust; a Canadian express business trust; a Canadian express, discretionary, non-exhaustive, common-law business trust; a limited liability, common-law, discretionary, express business trust that was formed under the common-law of contracts and is enforced only in courts of law; a discretionary, express business trust under Canadian law; and a contract for the benefit of a third party.

The majority of the descriptions come under what would be considered a type of business trust. Although LGW has provided a variety of descriptions regarding its status, it has failed to provide a copy of the trust or related documents. Turner stated

6

that he is the sole trustee, but there is nothing in the record to indicate who the beneficiaries are or if they have certificated shares.

Although we have few particulars about LGW, we look to our recent case of *Lee v. Catron*, 2009-NMCA-018, 145 N.M. 573, 203 P.3d 104. As trustee, Turner is a fiduciary. *See* NMSA 1978, § 45-1-201(A)(14) (2009) (defining fiduciary to include a trustee under the Uniform Probate Code); NMSA 1978, § 46-1-1(A) (1929) ("'fiduciary' includes a trustee under any trust"). When "one is acting as a fiduciary for the benefit of others, he may not present arguments to a court pro se." *Lee*, 2009-NMCA-018, ¶ 5. In *Lee*, we concluded that the trustee's representation of the trust resulted in the unauthorized practice of law. *Id.* LGW admits that it is a trust, and therefore the burden is upon LGW to prove that it is not the type of trust that requires representation by an attorney. LGW has not provided any legal authority or evidence that would lead us to conclude that it can be represented pro se by its trustee. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain undeveloped arguments with no citations to the record or legal authority); *ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10. Accordingly, we hold that LGW's notice of appeal was defective as it was filed by a non-attorney.

We turn next to whether LGW cured the defective notice of appeal by subsequently obtaining counsel. We find LGW's arguments on this question

7

unpersuasive. LGW devoted only a few cursory sentences to this issue in its brief-in-chief and failed to cite any relevant authority to support its arguments. This Court will not consider undeveloped arguments or propositions that are unsupported by citation to authority. *Headley*, 2005-NMCA-045, ¶ 15; *ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10. The special concurrence in *State v. Luna*, 92 N.M. 680, 686-87, 594 P.2d 340, 346-47 (Ct. App. 1979) (Sutin, J., specially concurring), which LGW cites for the assertion that we are "charged with finding substantial justice," involved a question concerning ineffective assistance of counsel and has no bearing on whether LGW cured the procedural defect which, as we explain below, prevents us from exercising appellate jurisdiction to review LGW's appeal.

The proper filing of a notice of appeal is a mandatory prerequisite to the exercise of this court's appellate jurisdiction. *See Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994). LGW's notice of appeal was defective. Although we may overlook procedural defects when presented with "unusual circumstances beyond the control of the parties," our Supreme Court has instructed that "only the most unusual circumstances" will justify doing so. *Id.* at 278, 871 P.2d at 374. No such circumstances exist here.

**CONCLUSION**

As we lack appellate jurisdiction to entertain LGW's appeal, the appeal is

dismissed.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**