This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SETON FAMILY TRUST INTERESTS by TRUSTEE RICHARD A. VAN AUKEN, and RICHARD A. VAN AUKEN,**

     Plaintiffs-Appellants,

**v.**                                                                                           **No. 30,215**

**PETER F. WIRTH, ESQ.; FLETCHER R. CATRON, ESQ.; CATRON, CATRON & POTTOW, P.A.; SAWTELL, WIRTH & BIEDSCHEID, P.C.; MICHAEL T. POTTOW, ESQ.; BRYAN P. BIEDSCHEID, ESQ.; W. ANTHONY SAWTELL, ESQ.; THOMAS B. CATRON, ESQ.; JOHN S. CATRON, ESQ.; KAREN AUBREY, ESQ.; BRIGGS CHENEY, ESQ.; PRESBYTERIAN MEDICAL SERVICES FOUNDATION; MARIE HARRISON; and DOES 1 THROUGH 20 INCLUSIVE,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Richard A. Van Auken
Santa Fe, NM

for Appellants

Rodey, Dickason, Sloan, Akin & Robb
Mark C. Meiering
Albuquerque, NM

Law Office of Jack Brant PC
John M. Brant
Albuquerque, NM

Gerald G. Dixon
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**SUTIN, Judge.**

Plaintiffs, consisting of Seton Family Trust Interests, by Richard A. Van Auken as trustee filing pro se and by Richard A. Van Auken as beneficiary filing pro se, appeal the district court's order denying Plaintiffs' motion to vacate an order dismissing the complaint with prejudice. In our notice of proposed summary disposition, we proposed to dismiss the appeal, and Plaintiffs responded with a memorandum in opposition. We have carefully considered Plaintiffs' arguments, but we are not persuaded that dismissal is not the correct disposition in this case. We therefore dismiss the appeal.

In the memorandum in opposition, Plaintiffs continue to make arguments that we have addressed in this case and in other appeals before this Court. As discussed in our calendar notice, Plaintiffs filed a complaint on behalf of the "Seton Family Trust," naming Van Auken as trustee and including Van Auken as a beneficiary of the trust. The trust was reportedly established to pass property to the heirs of a Seton descendant. [RP 3] Plaintiffs argue that, when a sole trustee is the sole beneficiary of a trust, the trust becomes a bequest. [MIO 14-15] However, it is clear that Van Auken is not the sole beneficiary of the trust in this case. In fact, as noted in the memorandum in opposition, there are several beneficiaries of the trust. [MIO 16-17] Therefore, we reject Plaintiffs' arguments that are based on the idea that Van Auken is the sole beneficiary of the trust.

Van Auken contends that his interests as trustee are not separate from those of the other beneficiaries because, pursuant to an agreement, his interests as trustee are aligned with the interests of the other beneficiaries. [MIO 17-19] In addition, Van Auken claims that he is "pleading the case using each of his two different positions or capacities," as a trustee and a beneficiary. [MIO 19] Regardless of how Van Auken chooses to describe his dual role, the fact remains that Van Auken is not the sole beneficiary of the trust. As trustee, when Van Auken acts on behalf of the trust, he acts for all of the beneficiaries of the trust. *See Lee v. Catron*, 2009-NMCA-018,

3

¶ 4, 145 N.M. 573, 203 P.3d 104 (filed 2008), *cert. denied*, 130 S. Ct. 90 (2009). As explained in *Lee*, Van Auken cannot represent the legal interests of the other beneficiaries to the trust in court. *Id.* ¶ 5. As this Court held in *Lee*, a trustee may represent a trust pro se only if the trustee is the sole beneficiary. *Id.*

Plaintiffs continue to argue that it is unconstitutional to prevent Van Auken from pursuing his personal claims as beneficiary to the trust. [MIO 21-22, 25, 29, 31] As discussed in our calendar notice, there is nothing to suggest that Van Auken's claims under the trust were separated from the claims of the other beneficiaries, and Van Auken has not identified any separate claims that can be addressed without the risk of harm to the other beneficiaries. Instead, the record shows that Van Auken's claims concern the entire trust and that his argument has always been that he should be entitled to represent himself <u>and</u> the other beneficiaries with respect to the claims for the trust. This he cannot do. *See id.*

Plaintiffs argue that New Mexico statutes allow Van Auken, as trustee, to represent and bind the beneficiaries. [MIO 34] It appears that Plaintiffs are arguing that, if a trustee can represent and bind the beneficiaries, it follows that Van Auken, as trustee, can represent and bind the other beneficiaries through legal representation as well. Plaintiffs cite no authority to support this claim. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that arguments unsupported

4

by citations to authority will not be reviewed). Moreover, as our cases have held, a pro se litigant, unlicensed to practice law, cannot represent the legal interests of others in court. *See Lee*, 2009-NMCA-018, ¶ 5.

Plaintiffs included other issues in the docketing statement, which we addressed in our calendar notice. Plaintiffs restate those issues in the memorandum in opposition, but do not advance new argument or facts in support of the issues. [MIO 41, 42, 44] As discussed in our calendar notice, Plaintiffs' claims regarding improper influence or collusion by attorneys involve matters that are not of record. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."). In addition, mere assertions of prejudice or adverse rulings by the district court are not sufficient to show bias on the part of the district court. *See State v. Hernandez*, 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) (stating that adverse rulings or enforcement of the rules does not establish judicial bias). Finally, because we dismiss the appeal, we need not address Plaintiffs' issues regarding discovery or the protective order that was issued below.

For the reasons discussed in this opinion and in our notice of proposed disposition, we hold that it was proper for the district court to dismiss Plaintiffs' complaint, and we therefore dismiss this appeal.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**