This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 30,613**

**EDMUNDO HINOJOSA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Kevin R. Sweazea, District Judge**

Gary K. King, Attorney General
William Lazar, Assistant Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Albert J. Costales
Truth or Consequences, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Judge.**

Defendant Edmundo Hinojosa entered a guilty plea to a felony charge for which deportation was certain under federal law. After being placed in immigration removal

proceedings, he sought to void the criminal judgment, arguing that his guilty plea was invalid on grounds of ineffective assistance of counsel under the standard enunciated in *State v. Paredez*, 2004-NMSC-036, 136 N.M. 533, 101 P.3d 799. We reverse the district court's denial of Defendant's motion because we conclude that Defendant has established that his counsel's performance was deficient. We remand to the district court for further proceedings to determine whether Defendant was prejudiced as a result of his counsel's failure to advise him of the specific immigration consequences of his guilty plea.

**BACKGROUND**

In 2006, Defendant entered a guilty plea to the charge of residential burglary, a third degree felony contrary to NMSA 1978, Section 30-16-3(A) (1971). At the plea hearing, the district court had the following exchange with Defendant concerning his immigration status:

Court: You are not a citizen of the United States, are you?

Defendant: No, sir.

Court: You understand that this plea agreement could cause you to be deported based upon a conviction of burglary.

Defendant: Yes, sir.

Upon accepting Defendant's plea, the district court entered a finding that "[D]efendant understands that a conviction may have an effect upon [his] immigration or naturalization status." In addition, Defendant's written plea and disposition agreement contained the following sentence: "I understand that entry of this plea agreement may have an effect upon my immigration or naturalization status."

The court sentenced Defendant to three years' imprisonment followed by one year of parole. This sentence was then suspended and Defendant was placed on supervised probation for three years. Defendant received an early discharge from probation on December 18, 2009, a few months before the end of his probation term, because the federal government had initiated immigration removal proceedings against Defendant and he had been taken into custody by Immigration and Customs Enforcement (ICE) to be processed for deportation.

On May 13, 2010, Defendant filed a petition for a writ of coram nobis or, in the alternative, a Rule 1-060(B) NMRA motion to set aside a void judgment on grounds of ineffective assistance of counsel. Defendant alleged that his counsel rendered ineffective assistance by failing to advise him of the specific immigration consequences of his conviction as required by *Paredez* and that he would not have pleaded guilty if he had known his plea would result in certain deportation. The State

responded to Defendant's motion with a request for an evidentiary hearing, which the district court granted.

At the evidentiary hearing, Defendant testified telephonically, and the attorney who represented Defendant at his guilty plea hearing also testified. Based on this testimony, the State elected not to cross-examine Defendant's trial counsel and instead conceded that Defendant's trial counsel had not advised Defendant of the specific immigration consequences of his guilty plea pursuant to *Paredez*. The district court then elected to recall Defendant's trial counsel to the stand for further questioning. After further testimony was elicited, the district court ultimately denied Defendant's motion to vacate the judgment, finding that "Defendant . . . entered into the plea agreement knowingly and voluntarily after being advised of the immigration consequences by his attorney, and after being advised [of] the immigration consequences" by the court at the plea hearing. The district court's written order stated that Defendant's petition was without merit. This appeal followed.

The State treats Defendant's appeal as having been brought under Rule 1-060(B)(4). Because the writ of coram nobis has been abolished by Rule 1-060(B)(6), we review Defendant's motion under his alternate ground of seeking to set aside a void judgment pursuant to Rule 1-060(B)(4). *See State v. Tran*, 2009-NMCA-010, ¶¶ 15-17, 145 N.M. 487, 200 P.3d 537 (determining that Rule 1-060(B)(4) motion is

4

a proper method for seeking to set aside a guilty plea on grounds of ineffective assistance of counsel where the defendant has served his sentence). We apply de novo review to the issue of whether Defendant's counsel rendered effective assistance as the facts are not in dispute. *See Trans*, 2009-NMCA-018, ¶ 18.

**DISCUSSION**

To state a case of ineffective assistance of counsel, Defendant must show that: "(1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *Paredez*, 2004-NMSC-036, ¶ 13 (internal quotation marks and citation omitted). Counsel's performance is deemed deficient if it "fell below an objective standard of reasonableness." *Id.* ¶ 14 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). We afford a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Paredez*, 2004-NMSC-036, ¶ 14 (internal quotation marks and citation omitted).

In *Paredez*, our Supreme Court determined that criminal defense attorneys have "an affirmative duty to determine [a defendant's] immigration status and [to] provide him specific advice regarding the impact a guilty plea would have on his immigration status." *Id.* ¶ 1. The Court delineated that counsel's performance is deemed deficient

5

as a matter of law and falls below the objective standard of reasonableness where counsel either fails to advise, or gives incomplete or incorrect advice, on the immigration consequences of a guilty plea. *Id.* ¶¶ 14-16. The Court further stated that in order to prove the prejudice prong of the test for ineffective assistance in this context, a criminal defendant must show that "he would not have entered into the plea agreement if he had been given constitutionally adequate advice about the effect that his guilty plea would have on his immigration status." *Id.* ¶ 20 (internal quotation marks and citation omitted).

In this case, Defendant's conviction for burglary of a dwelling was an aggravated felony under federal immigration law, 8 U.S.C. § 1101(a)(43)(G) (2010), which was certain to result in his deportation from the United States, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), and for which there are no grounds for discretionary relief. 8 U.S.C. § 1229b(a)(3) (2006). Thus, under the requirements of *Paredez*, Defendant's trial counsel was required to advise him of the consequence that his guilty plea would result in his virtually certain deportation. 2004-NMSC-036, ¶ 19 ("[C]riminal defense attorneys are obligated to determine the immigration status of their clients[] [and i]f a client is a non-citizen, the attorney must advise that client of the specific immigration consequences of pleading guilty, including whether

deportation would be virtually certain"); *State v. Carlos*, 2006-NMCA-141, ¶ 14, 140 N.M. 688, 147 P.3d 897 (same).

Defendant argues that his counsel's performance was deficient under the first prong of the test for ineffective assistance of counsel because his counsel failed to advise him of the specific immigration consequences of his guilty plea. As it did below in the district court, the State concedes on appeal that Defendant's trial counsel "did not perform his duty under *Paredez* to advise Defendant of the specific immigration consequences of his guilty plea" and that, as a result, Defendant's plea was not freely, intelligently, or knowingly given.

Our review of the record confirms that Defendant's trial counsel failed to give him specific advice concerning the immigration consequences of his guilty plea and also failed to advise him that deportation was virtually certain as a result of a guilty plea. Defendant's trial counsel testified at the evidentiary hearing that although he did not specifically remember Defendant's case, it was his practice to advise clients that "there was a chance" of deportation as a result of a pleading guilty to a felony and that he informed Defendant that "he might get deported." We conclude that this advice fell below the standard required by *Paredez* for effective assistance of counsel. *See* 2004-NMSC-036, ¶ 15 ("[W]hen a defendant's guilty plea almost certainly will result in deportation, an attorney's advice to the client that he or she 'could' or 'might' be

7

deported would be misleading and thus deficient."). And, contrary to the district court's oral ruling at the evidentiary hearing, the court's exchange with Defendant at his plea hearing that a guilty plea "could" cause him to be deported did not relieve the affirmative duty of Defendant's trial counsel to advise him that he "almost certainly would be deported if his guilty plea was accepted by the court." *Id.* ¶¶ 12, 25.

The testimony also shows that Defendant's trial counsel failed to inquire as to Defendant's immigration status and failed to conduct any analysis of the immigration consequences that would flow from Defendant's guilty plea. Defendant's trial counsel gave inconsistent testimony as to whether he knew Defendant's felony conviction was a deportable offense at the time of Defendant's plea hearing and he asserted that regardless of what federal law dictates regarding deportable felony offenses, "[i]t doesn't mean that's what happens." In addition, although Defendant's trial counsel testified that it was his practice to refer clients to an immigration attorney, he made no effort to determine whether a consultation actually occurred in this case. The above testimony was consistent with that of Defendant, who testified that his trial counsel did not inquire as to Defendant's immigration status and that trial counsel never informed him that deportation was virtually certain based on a guilty plea.

All of the above confirms that Defendant's attorney failed to perform his duty under *Paredez* to determine the immigration status of his client and to investigate the

8

immigration consequences of a guilty plea. *Id.* ¶ 1 (stating that criminal defense attorneys have "an affirmative duty to determine [a defendant's] immigration status and provide him with specific advice regarding the impact a guilty plea would have on his immigration status"); *Carlos*, 2006-NMCA-141, ¶¶ 15, 18 (determining that counsel's performance was deficient where counsel failed to "conduct an individualized analysis of the apparent immigration consequences for [the d]efendant based on the actual charges to which he pleaded guilty"). Based on the foregoing, we hold that Defendant has met the first prong of the test for ineffective assistance of counsel because his attorney failed to advise him of the specific immigration consequences of his guilty plea. We reverse the district court's determination to the contrary.

Because the district court ended its analysis by holding against Defendant as to the first prong of the test for ineffective assistance of counsel, the court failed to address whether Defendant was prejudiced as a result of his counsel's deficient performance. The parties also did not make any arguments on the prejudice issue at the evidentiary hearing. We therefore are unable to assess whether Defendant was prejudiced by his counsel's failure to give him the required advice regarding the specific immigration consequences of his guilty plea. Consequently, we remand to the district court to address the prejudice issue. *See id.* ¶¶ 19-22. If Defendant can

establish the requisite prejudice, his plea must be set aside. *Paredez*, 2004-NMSC-036, ¶ 19 ("An attorney's failure to provide the required advice regarding immigration consequences will be ineffective assistance of counsel if the defendant suffers prejudice by the attorney's omission.").

**CONCLUSION**

Based on the foregoing, we reverse the district court's denial of Defendant's motion and remand to the district court for further evidentiary proceedings on the prejudice issue.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**MICHAEL E. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**

10