This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-35704**

**RICHARD A. VAN AUKEN,
Trustee, and RICHARD A.
VAN AUKEN, Beneficiary,**

  Plaintiff-Appellant,

v.

**FLETCHER R. CATRON, ESQ.;
PETER F. WIRTH, ESQ.; and
KAREN AUBREY, ESQ.,**

  Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
David K. Thomson, District Judge**

Lakins Law Firm, P.C.
Charles N. Lakins
Albuquerque, NM

for Appellant

Brant & Hunt, Attorneys
John M. Brant
Albuquerque, NM

for Appellee Fletcher R. Catron, Esq.

Andrew G. Schultz
Albuquerque, NM

for Appellee Peter F. Wirth

Dixon Scholl Carrillo P.A.
Gerald G. Dixon

Taylor M. Lueras
Albuquerque, NM

for Appellee Karen Aubrey, Esq.

## MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Plaintiff Richard Van Auken, in his capacity as third successor trustee and in his capacity as beneficiary of the Seton Family Trust Contract (Trust), appeals the district court's order denying his Rule 1-060 NMRA motions to set aside the district court's March 31, 2011 order dismissing this case in its entirety. Concluding that the order appealed from was a final, appealable order, and that the motions to reconsider were properly denied, we affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the extensive procedural history, we include additional background information only where relevant to the analysis.

## I.     The District Court's Order Was a Final, Appealable Order

**{3}** Plaintiff argues that the district court's June 7, 2016 order from which he appeals is not a final, appealable order because although it denied his Rule 1-060(B)(6) motion to set aside the March 31, 2011 order, it did not consider his two pending Rule 1-059(E) NMRA motions to reconsider the March 31, 2011 order. However, Defendant Catron argues that the Rule 1-060(B)(6) was withdrawn from the record and thus, the only motions the district court needed to consider were the Rule 1-059(E) motions.

**{4}** "In determining whether an order is final, this Court looks to the substance rather than to the form of the order." *See Los Ranchos de Albuquerque v. Shiveley*, 1989-NMCA-095, ¶ 12, 110 N.M. 15, 791 P. 2d 466. This Court gives the order a practical rather than a technical construction. *Id.* "The test of whether a judgment is final so as to permit the taking of an immediate appeal lies in the effect the judgment has upon the rights of some or all of the parties." *Id.* "A decision which terminates the suit, or puts the case out of court without an adjudication on the merits, is a final judgment." *Id.*

**{5}** Based on our review of the record, we conclude that the order appealed from is a final, appealable order because it considered and disposed of Plaintiff's arguments in the Rule 1-059 motions to reconsider, despite the nomenclature in the final order referencing Rule 1-060. There are three reasons for our conclusion. First, the district court partially denied Plaintiff's motion for leave to file a Rule 1-060 motion to set aside the March 31, 2011 order. In light of its partial denial, the district court considered the proposed Rule 1-060 motion to set aside to be withdrawn from the record. The district court granted, in part, Plaintiff's motion for leave to file a Rule 1-060 motion, "as it applies to the [Rule 1-059(E)] motions that were to reconsider Judge Singletons' March

31st, 2011 order." The district court went on to say, "I will hear, at that time, those motions to reconsider and then take under advisement the remaining portion of Plaintiff's motion for leave to file . . . Rule [1-0]60 motion until I've made a determination on the—what I see as, at this point, just a limited [Rule 1-059(E)] motion to reconsider Judge Singleton's [order]." Further, the district court explained, "I will deny it as to the remainder [with regard to the attached motion and Rule [1-0]60(B) motion] without prejudice. I will revisit that issue once I make a decision as to . . . Judge Singleton['s] ruling."

**{6}**     Second, the district court correctly denied the motion for leave to file the Rule 1-060 motion to set aside on the grounds that, in a related matter, Plaintiff was permanently enjoined from

> filing any pleading or paper in any existing action [against Defendant Catron] in any such [state or federal] court, unless he is represented by an attorney licensed to practice law in the State of New Mexico and a court in the State of New Mexico grants such counsel permission to file such action, pleading or paper, after notice and an opportunity to be heard on counsel's application has been provided to [Defendant] Catron.

*Seton Family Trust Interests ex rel. Van Auken*, No. D-101-CV-2011-01917, Order Granting Injunctive Relief (Nov. 1, 2011); *See also Van Auken v. Catron*, No. A-1-CA-31961, memo. op. at *4 (N.M. Ct. App. Jan. 7, 2013) (non-precedential) (affirming permanent injunction and dismissal of 2011 declaratory action, and acknowledging that there was a pending motion to reconsider in the matter underlying the current appeal). However, the district court acknowledged that Plaintiff's two pending Rule 1-059(E) motions were filed in April 2011, prior to the November 2011 injunction against Plaintiff, and therefore, Plaintiff was entitled to a hearing on those issues.

**{7}**     Third, notwithstanding the fact that the final order indicates a denial of . . . Plaintiff's Rule 1-060(B)(6) motion to set aside, the district court also included language in its order regarding the standard for reviewing a motion for reconsideration. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 10, 142 N.M. 527, 168 P.3d 99 ("[A] motion challenging a judgment, filed within ten days of the judgment, should be considered a Rule 1-059(E) motion to alter or amend a judgment. Nomenclature is not controlling." (alteration, internal quotation marks, and citation omitted)). Moreover, at the hearing, the district court confirmed that the parties were present to argue the merits of Plaintiff's Rule 1-059(E) motions to reconsider, and counsel for both Plaintiff and Defendant Catron confirmed that no other matters were pending. Plaintiff does not otherwise respond to Defendant Catron's argument that the order is a final, appealable order. As such we proceed with a consideration of the merits of Plaintiff's appeal.

## II.     The Motion to Reconsider Was Properly Denied

### A.     Background

**{8}** Plaintiff alleged Defendants engaged in probate fraud in violation of NMSA 1978, § 45-1-106(A) (1975) and attorney collusion or deceit in violation of NMSA 1978, Section 36-2-17(1) (1909) when they allegedly misrepresented to the first successor trustee, Burr E. Lee Jr, and the beneficiaries (including Plaintiff) that Mr. Lee could transfer a Trust asset out of the Trust to a family hospice nurse in violation of the terms of the Trust. This Court noted in the prior appeal affirming the injunction that Plaintiff filed four separate lawsuits and appeals against Defendant Catron, and other third parties between 2006 to 2011, all involving the interpretation of the Trust, and sometimes as a pro se litigant. *See also Van Auken*, No. A-1-CA-31961, memo. op. at *7, 9. This Court further noted that Plaintiff persisted in attempting to represent the Trust despite repeated rulings that he could not do so because he was not an attorney, and otherwise representing the trust amounted to the unauthorized practice of law. *Id.* at *7; *see also Lee v. Catron*, 2009-NMCA-018, ¶¶ 4-5, 145 N.M. 573, 203 P.3d 104 (affirming dismissal of Van Auken's case against Catron because a non-attorney trustee cannot represent a trust unless he is the sole beneficiary); *Seton Family Trust Interests ex. rel. Van Auken v. Wirth*, No. A-1-CA-30215, mem. op. at *1 (N.M. Ct. App. Aug. 18, 2010) (non-precedential) (affirming dismissal of Van Auken's suit against Catron and others because Van Auken could not represent the trust pro se).

**{9}** Plaintiff on behalf of the Trust (as trustee) and personally (as beneficiary) is seeking to recover an asset—the house referred to as the Timberwick Property—for the Trust so that it can be distributed to himself as beneficiary.

**{10}** Defendants Aubrey, Wirth, and Sawtell (who were legal counsel for various parties in the 2002 probate distribution of the first successor trustee's assets), were dismissed as Defendants in the action with prejudice. The Trust's claims were dismissed without prejudice on the grounds that Plaintiff could not represent the Trust as a non-lawyer. Although the "individual claims of [Plaintiff] against [Defendant] Catron remain[ed ,]" the district court dismissed the attorney collusion or deceit claim under Section 36-2-17 such that only the probate fraud claim remained.

**{11}** The district court also denied Plaintiff's motion for partial summary judgment on the terms of the Trust, and noted the ambiguity of the language at Section 1, Paragraph 2, Subsection A which provides: "The trustee shall continue to pay income and such sums of principal to the survivor *as requested.*" (Emphasis added.) The court reasoned that the meaning of that phrase went to the intent of the parties, which was a question of fact to be addressed at trial. Plaintiff appealed those determinations. This Court dismissed Plaintiff's appeal of those dismissals with prejudice, concluding that the effect on remand was that the district court should consider whether the case, without the Trust, should be dismissed in its entirety for failure to join an indispensable party (the Trustee, on behalf of the Trust) under Rule 1-019 NMRA. *See Van Auken v. Catron, et al.*, No. A-1-CA-27554, memo. op. at *6-7 (N.M. Ct. App. June 27, 2008) (non-precedential).

**{12}** After the remand and mandate from this Court, Defendant Catron, the sole remaining Defendant, filed a motion to dismiss the entire case for failure to join an

indispensable party, while at the same time, Plaintiff filed a (renewed) motion to intervene as Trustee on behalf of the Trust. The district court denied the motion to intervene in its July 30, 2010 order, concluding that it was untimely because Plaintiff had still not secured counsel for himself as Trustee, and that equity weighed in favor of dismissal given the amount of time Plaintiff had to secure counsel and repeated warnings about the consequences of failing to obtain counsel. Plaintiff moved the district court to reconsider and in its October 29, 2010 order, the district court denied Plaintiff's motion to reconsider the July 30, 2010 order. Accordingly, the district court granted Defendant Catron's Rule 1-019 motion to dismiss the case in its entirety with prejudice for failure to join an indispensable party (the Trustee, on behalf of the Trust) in its March 31, 2011 order. Plaintiff filed two Rule 1-059 motions to reconsider the March 31, 2011 order, one in his capacity as beneficiary and the other in his capacity as trustee, pursuant to Rule 1-059(E).

## B.    The Motions to Reconsider Were Properly Denied

**{13}**    We review district court rulings resolving motions to reconsider for an abuse of discretion. *Rivera v. Trujillo*, 1999-NMCA-129, ¶ 16, 128 N.M. 106, 990 P.2d 219. In *Rivera*, the district court declined to consider information presented by the plaintiff in a motion to reconsider its granting of summary judgment in the defendant's favor. *Id.* ¶ 17. The court reasoned that counsel failed to timely bring the information to the court's attention and exercised its discretion not to consider the untimely presented deposition testimony. *Id.* ¶ 19. The same is true for the Rule 1-059 motions in this case. The district court did not see any reason to reverse its prior decision dismissing the action with prejudice, and Plaintiff fails to point this Court to any identifiable legal or factual justification in support of his theory. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We therefore conclude that the district court did not abuse its discretion.

## III.    Plaintiff's Remaining Issues Are Without Merit

**{14}**    Plaintiff argues that the district court erred in denying his Rule 1-060 motion to set aside based on cumulative abuses of discretion over fifteen years of litigation, and error in not making a final determination of the meaning of ambiguous language in the Trust. To the extent Plaintiff argues that the district court committed reversible error in the 2002 probate matter, 2003 post-probate matter, or 2011 declaratory matter, or that this Court committed error in the 2009 opinion, Plaintiff does not provide us with any reference to authority granting this Court the jurisdiction to review issues raised regarding district court error in those matters. We therefore assume none exists. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{15}**    We further decline to consider Plaintiff's remaining arguments seeking a declaration of injury, and to determine the meaning of the language in the trust because this Court is not a fact finding court. *See VanderVossen v. City of Espanola*, 2001-

NMCA-016, ¶ 26, 130 N.M. 287, 24 P.3d 319 (explaining that this Court exercising appellate jurisdiction is not a fact finding body).

**CONCLUSION**

**{16}** For the foregoing reasons we affirm the district court's order denial Plaintiff's motion to reconsider.

**{17}  IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**BRIANA H. ZAMORA, Judge**