2001-NMCA-083

33 P.3d 887

Sylvia MARTINEZ and Yvonne Lovato
n/k/a Yvonne Kullina,
Plaintiffs/Appellees,

v.

Benjamin J. ROSCOE, Geraldine M. Roscoe, BJR Racing Stables, Inc., The Brook Apartments, LLC, 3005 San Pablo, LLC, Valle Del Norte Condominiums, LLC, and The Leonard Lounge, LLC, Defendants/Third–Party Plaintiffs–Appellants,

v.

Wendy L. Basgall, Angelica Anaya–Allen, James Orgass, Karen Meyers, Legal Aid Society of Albuquerque, Inc., and Jay D. Hill, Third–Party Defendants/Appellees.

No. 21,703.

Court of Appeals of New Mexico.

April 19, 2001.

Certiorari Denied, No. 26,981,
July 11, 2001.

Angelina Anaya–Allen, Legal Aid Society of Albuquerque, Inc., Albuquerque, NM, for Appellees.

Benjamin J. Roscoe, Geraldine M. Roscoe—Pro Se, Albuquerque, NM, for Third–Party Plaintiffs–Appellants.

Briggs F. Cheney, Law Office of Briggs F. Cheney, Albuquerque, NM, for Appellees Basgall, Anaya–Allen, Orgass, Meyers, and Legal Aid Society of Albuquerque, Inc.

Jay D. Hill, Betzer, Roybal & Hill P.C., Albuquerque, NM, for Appellee Jay D. Hill.

## OPINION

WECHSLER, Judge.

{1} This case originated as an action to require Benjamin Roscoe (Roscoe) to set aside fraudulent transfers allegedly made to avoid paying judgments entered against him and in favor of Plaintiffs. Roscoe filed a

third-party complaint against Third–Party Defendants Basgall, Anaya–Allen, Orgass, Meyers, and the Legal Aid Society of Albuquerque (collectively referred to as LASA). He also filed a "cross-claim" against Basgall on behalf of 3005 San Pablo LLC (San Pablo), a limited liability company. LASA filed a motion to dismiss with prejudice Roscoe's third-party complaint against it, which the district court granted. The district court also granted Basgall's motion to dismiss San Pablo's claim against her. The dismissal of San Pablo's claim, however, was without prejudice.

{2} The calendar notice proposed dismissal of San Pablo's appeal and affirmance of the dismissal of Roscoe's claims against LASA. Roscoe has filed a memorandum opposing the proposed disposition. For the following reasons, we dismiss San Pablo's appeal and affirm the dismissal with prejudice of Roscoe's third-party claims.

*3005 San Pablo LLC's Appeal*

{3} San Pablo sought to file its claim against Basgall by acting through its manager, Roscoe, and filing the "cross-claim" pro se. Basgall's answer to San Pablo's third-party complaint sought dismissal of San Pablo's claims, arguing in part that Roscoe could not file the complaint on San Pablo's behalf. No other motion to dismiss was filed by Basgall concerning San Pablo's claims; however, Basgall and other Third–Party Defendants filed a motion to dismiss Roscoe's claims. The district court's order dismissed San Pablo's complaint without prejudice and without specifying the ground for its decision.

{4} San Pablo's notice of appeal and docketing statement have been filed pro se by Roscoe as San Pablo's manager. In its memorandum opposing the proposed dismissal, San Pablo, through Roscoe, argues that no New Mexico statute exists that prohibits corporations or limited liability companies from appearing pro se in state court. It also argues that no court rule prohibits a limited liability company, as opposed to a corporation, from appearing pro se. *Cf.* Rule LR2-116 NMRA 2001 (requiring corporations to be represented by counsel and allowing any

papers filed by an unrepresented corporation to be struck by the court). It also argues that NMSA 1978, § 36-2-27 (1999), which prohibits the unauthorized practice of law, has no application to pro se litigants.

{5} This question has not been specifically addressed in New Mexico. In *State ex rel. Norvell v. Credit Bureau of Albuquerque,* 85 N.M. 521, 514 P.2d 40 (1973), our Supreme Court affirmed injunctive relief prohibiting non-attorney employees of a credit bureau from preparing pleadings or appearing on behalf of individuals, partnerships, corporations, associations, or groups of any kind. It did not, however, decide the propriety of pro se appearances on behalf of an artificial entity. *Id.* at 529, 514 P.2d at 48. The United States Supreme Court has also prohibited any artificial entity from being represented by persons who are not licensed attorneys. *See, e.g., Rowland v. California Men's Colony,* 506 U.S. 194, 201–03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (citing cases dating from 1824 forward holding that a corporation may only be represented by licensed counsel). In *Rowland,* the court stated:

> As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

*Id.* at 202, 113 S.Ct. 716 (footnote omitted).

{6} As a limited liability company, San Pablo is an association of persons. *See* NMSA 1978, § 53-19-7 (1999). Under federal law, it would be required to appear in federal court through a licensed attorney. *See Rowland,* 506 U.S. at 201–03, 113 S.Ct. 716.

{7} State courts have also required artificial legal entities, including limited liability companies, to be represented by a licensed attorney. *See Int'l Ass'n of Sheet Metal Workers Local 16 v. AJ Mech.,* No. CIV. 99-461–FR, 1999 WL 447459, *1 (D.Or.1999)

(*Local 16* ) (determining that a limited liability company must be represented by an attorney and denying its pro se motions with leave to refile through counsel); *Valentine L.L.C. v. Flexible Bus. Solutions, L.L.C.*, 27 Conn. L. Rptr. 378 (Conn.Super.Ct.2000), 2000 WL 960901, *1.

{8} San Pablo attempts to distinguish *Valentine L.L.C.* by asserting that the issue was whether pro se defendant Gordon Lockwood could file his appearance on behalf of the limited liability company, noting that Lockwood was not a licensed attorney and would not be permitted to appear for any person. *See id.* We do not see any distinction from this case in which Roscoe, who is not a licensed attorney, seeks to file pleadings on San Pablo's behalf. Although Roscoe may not have attempted to file a formal appearance on San Pablo's behalf, his attempts to file claims and other pleadings for San Pablo is in essence the same thing. Roscoe is not the same legal entity as San Pablo and he cannot file pro se pleadings on its behalf. We agree with the court in *Valentine L.L.C.* when it stated, "There is no basis for distinguishing a limited liability company from either a corporation or partnership on the question." *Id.*

{9} Similarly, we are not persuaded that the fact that Oregon has a statute requiring corporations to appear only by an attorney renders the holding in *Local 16* inapplicable to the present case. The district court where San Pablo filed its claims had a local rule similar to the law in Oregon requiring corporations to be represented by licensed attorneys. The fact that the court in *Local 16* applied this law not only to corporations but to unincorporated associations, including limited liability companies, is persuasive authority on this point. *See Local 16*, 1999 WL 447459, *1–2.

{10} San Pablo argues that the district court did not rely on Local Rule 2–116 in dismissing its claims. As noted above, the district court did not explain its dismissal of San Pablo's claim. The argument had been made below, however, that Roscoe could not file the claim on San Pablo's behalf. On appeal, this Court will affirm the lower court's ruling if right for any reason. *See*

*generally Westland Dev. Co. v. Romero*, 117 N.M. 292, 293, 871 P.2d 388, 389 (Ct.App. 1994). Local Rule 2–116 provides support for the district court's dismissal in that it requires corporations to be represented by counsel and allows any papers filed by an unrepresented corporation to be struck by the court. The fact that this local rule was not cited by the district court does not preclude this Court from using it as authority to affirm the district court's order.

{11} San Pablo argues that this local rule does not prohibit a limited liability company, as opposed to a corporation, from filing pro se pleadings. Like the court in *Valentine L.L.C.*, however, we are persuaded that there is no basis for distinguishing a limited liability company from a corporation on the question of a pro se appearance by someone who is not a licensed attorney.

{12} San Pablo also argues that there is statutory authority in New Mexico allowing it to file pro se claims. NMSA 1978, § 53–19–58(A) (1993) allows an authorized member of a limited liability company to bring suit in the company's name. This statute provides a mechanism for determining who may make a decision on behalf of the company to bring a lawsuit. It does not allow a member who is not a licensed attorney to provide legal representation for the company. Similarly, NMSA 1978, §§ 53–19–40 and 53–19–42 (1993) provide a mechanism for identifying who may act on behalf of the company during its dissolution. The fact that the statute allows an authorized person to "prosecute and defend suits" does not mean that the statute authorizes that person to file pro se claims on behalf of the company; it means only that the authorized person may make the decision to pursue or defend suits on the company's behalf. Section 53–19–42(B)(1). Nothing in these statutes negates the requirement that a limited liability company be represented by a licensed attorney. *See* LR2–116; *Rowland*, 506 U.S. at 202, 113 S.Ct. 716; *Valentine L.L.C.*, 2000 WL 960901, *1; *Local 16*, 1999 WL 447459, *1–2.

{13} San Pablo also asserts that the appellate rules do not authorize this Court to dismiss its appeal on the ground that the appeal was filed by Roscoe. It argues that

Rule 12–312 NMRA 2001 precisely formulates the grounds upon which an appeal may and may not be dismissed and that this ground does not appear in Rule 12–312. Rule 12–312 provides various sanctions for failing to comply with the appellate rules. It does not provide an exhaustive list of grounds for dismissing appeals. This Court has dismissed numerous appeals on grounds not articulated in Rule 12–312. *See, e.g., Lyman v. Kern,* 2000–NMCA–013, ¶ 1, 128 N.M. 582, 995 P.2d 504 (dismissing an appeal when the appellant failed to file a timely notice of appeal from an order compelling the parties to arbitrate their dispute).

{14} Finally, San Pablo argues that dismissal of this appeal would violate its due process rights. We know of no authority stating that a limited liability company has a due process right to have pleadings signed and filed by its manager who is not a licensed attorney. San Pablo argues that "Appellant's due process rights require the Court to tell the appellant what he must do in order to be heard." In order to be heard, San Pablo must be represented by a licensed attorney. It cannot file "pro se" pleadings through its manager who is not licensed as an attorney.

{15} We dismiss San Pablo's appeal as being improperly filed pro se through Roscoe, because Roscoe and San Pablo are separate legal entities and San Pablo may not file pro se pleadings through its manager who is not a licensed attorney in New Mexico. As we dismiss on this ground, we do not reach the issue of whether the dismissal without prejudice is a final order or other issues raised in San Pablo's docketing statement. *See, e.g., Sunwest Bank v. Nelson,* 1998–NMSC–012, ¶ 9, 125 N.M. 170, 958 P.2d 740 (accepting jurisdiction to review an order of dismissal without prejudice for improper venue because the order disposed of the case to the fullest extent possible in the court in which it was filed).

*Benjamin Roscoe's Appeal*

{16} Roscoe filed a third-party complaint against LASA. The basis of the claims against LASA was the withholding of funds from different limited liability companies and a corporation, pursuant to writs of garnishment. The third-party complaint also asserted that LASA failed to inform the district court of various matters, including an asserted lack of standing and that the contract between Roscoe and HUD was void ab initio as a basis for recovery.

{17} Roscoe argues that LASA caused writs of garnishment to be issued and served against him individually. He asserts that the record supports his position with a copy of the writ of garnishment that correctly identifies him as the judgment debtor and falsely denominates him as doing business as a corporation and four limited liability companies. In his complaint, he asserted that writs of garnishment were served on the limited liability companies and a corporation which were not the judgment debtor. LASA's answer to the third-party complaint contended that the writs of garnishment were served only on the limited liability companies.

{18} Although the writ of garnishment named "Roscoe d/b/a [the corporation and limited liability companies]," nothing in the record proper indicates that it was in fact served upon or issued against Roscoe individually. Because Roscoe has not demonstrated that any funds belonging to him individually were actually garnished, we affirm the order dismissing his claims against LASA. *See generally Marchman v. NCNB Tex. Nat'l Bank,* 120 N.M. 74, 81, 898 P.2d 709, 716 (1995).

{19} We also affirm the dismissal of his claim seeking to hold LASA liable for failing to inform the district court of potential defenses or other information that may have been favorable to Roscoe's position in an earlier suit. LASA did not owe Roscoe, an adverse party, a duty of care. *See Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.,* 106 N.M. 757, 761, 750 P.2d 118, 122 (1988) (stating that an attorney has no duty to protect the interest of a non-client adverse party). We also affirm the dismissal of Roscoe's claim that the individual Third-party Defendants should be disbarred or other disciplinary action taken against them. The New Mexico Supreme Court and its Disciplinary Board have exclusive jurisdiction over these matters. *See* Rule 17–201 NMRA 2000.

*Conclusion*

{20} We dismiss San Pablo's appeal as being improperly filed by its manager who is not a licensed attorney. We affirm the dismissal with prejudice of Roscoe's claims against LASA.

{21} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, and M. CHRISTINA ARMIJO, Judge.