This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36226**

**THEONE OLIVER, JANET WHITE,
JAMES CUMMINGS, SENA MALETT
and LEONA DANLEY,**

     Plaintiffs-Appellees,

v.

**SIX SPRINGS DOMESTIC WATER
USERS ASSOCIATION,**

     Defendant-Appellant,

and

**EDWARD BAKER, Individually and as
president of the Six Springs Domestic
Water Users Association, and its members
CARL AND JANICE TUCKER, DENNIS
AND BONNIE BELKNAP, ROBERT AND
MARGARET RICHARDSON, FRANK
AND CATHERINE STRANGIS, CHARLES
AND BEVERLY MARTIN, DAVID AND
AMANDA EDWARDS, DR. JAGDEV AND
LESLIE SIGNH, BARBARA HOUSE,
GERALD DODD, PATRICIA HENDZEL,
JOAN GOODMAN, and ESTHER BAKER,**

     Defendants.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Jerry H. Ritter, Jr., District Judge**

Katz Herdman MacGillivray & Fullerton PC
Frank T. Herdman
Seth R. Fullerton

Samuel P. Ruyle
Santa Fe, NM

for Appellees

Sandra A. Grisham
Alamogordo, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant Six Springs Domestic Water Users Association (the Association) appeals from the district court's orders granting default judgment and attorney fees in favor of Plaintiffs Theone Oliver, Janet White, James Cummings, Sena Malett, and Leona Danley. The Association's appeal presents the following issues: (1) whether the district court had subject matter jurisdiction; (2) whether the district court erred in enforcing a purportedly invalid settlement agreement between the parties; (3) whether the district court erred in striking the Association's answer to Plaintiffs' complaint and granting default judgment in Plaintiffs' favor; and (4) whether the district court erred in awarding attorney fees to Plaintiff Oliver. We affirm.

**BACKGROUND**

**{2}** Following a dispute over water rights, the Association, Edwina Danley, Russell Graves, Paula Graves, Steven Wenrich, and Rita Wenrich entered into a settlement agreement (the Settlement Agreement), wherein the parties agreed to a division of water and water rights, to cooperate in planning, constructing, and maintaining common structures and equipment needed for the division of the water, and to refrain from conduct that would interfere with others' access to the water.

**{3}** Several years later, Plaintiffs filed a complaint against the Association, Edward Baker—individually and as president of the Association—and the Association's members (the Members). Plaintiffs alleged Baker tampered with the water collection and delivery system, and diverted the "water rights" of Plaintiffs without their permission. Plaintiffs sued for damages and injunctive relief, alleging claims of breach of contract, breach of fiduciary duty, waste, and conversion.

**{4}** Baker and two other officers of the Association—none of whom were licensed attorneys—filed an answer and counterclaims on the Association's behalf. Plaintiffs moved to strike the Association's answer and counterclaims, arguing the Association was required to appear in court through a licensed attorney because of its corporate status, and that its non-attorney officers were not permitted to file pleadings on behalf of the Association. Arguing the Association failed to plead or defend against the complaint

as required under the Rules of Civil Procedure and New Mexico law, Plaintiffs sought entry of a default judgment. The Association, through counsel, filed a response to Plaintiffs' motion, arguing that it "was never served with process in this case, and has yet to receive a summons[,]" and that it was "prepared to file an [a]nswer and [c]ounter-[c]laim after proper service of process." The Association never filed an answer through counsel or moved to amend or supplement its answer so that it may be filed by counsel.

{5}     The district court granted Plaintiffs' motion to strike the Association's answer and counterclaims. In its order, the district court ruled that the filing of pleadings on behalf of the Association constituted "the unauthorized practice of law" and that the pleadings should therefore be stricken from the record. Because the Association failed to file a timely, proper answer, the district court found the Association was in default. The district court entered a default judgment on liability against the Association and reserved the determination of damages until an evidentiary hearing.

{6}     Following the district court's entry of default judgment, Plaintiffs filed a motion for attorney fees and costs in the amount of $23,457 against the Association. In their motion, Plaintiffs relied upon the Settlement Agreement which provided that "[s]hould litigation be reasonably necessary to enforce or interpret any provision of this agreement, the prevailing party, or parties, shall be entitled to recover its reasonable attorney fees from the party at fault or the party responsible for litigation being filed." Plaintiffs argued the Association was responsible for the filing of litigation, that it was found liable and was therefore "at fault[,]" and that the fees sought were "reasonable and . . . reasonab[ly] necessary to enforce the terms of the Settlement Agreement." The Association requested the district court deny Plaintiffs' motion, challenging the reasonableness of the attorney fees sought by Plaintiffs.

{7}     Following an evidentiary hearing, the district court determined the amount of damages and reserved ruling on injunctive relief and attorney fees for later proceedings. Plaintiffs later moved for entry of "a final default judgment" and injunctive relief. In response to the Plaintiffs' motion, the Association argued Plaintiffs were not entitled to attorney fees because they refused to accept the Association's offer of settlement prior to the commencement of the lawsuit. The Association also challenged the injunctive relief sought and argued that the district court was without jurisdiction to determine ownership of water rights as there had been no adjudication of those rights.

{8}     The Members filed a motion for summary judgment, challenging the reasonableness of attorney fees and arguing they were not liable for attorney fees. Shortly after the Members filed their motion, the district court entered a default judgment and granted injunctive relief against the Association. The district court ordered the Association to pay Plaintiff Oliver reasonable attorney fees in an amount to be determined at a later proceeding.

{9}     Plaintiff Oliver moved for the district court to award $55,319.14 in attorney fees against the Association, arguing this motion "supersede[d]" Plaintiffs' previous motion for attorney fees because of the litigation that ensued following the Association's

additional filings. After the Association failed to respond to Plaintiff Oliver's motion, she filed a notice of completion of briefing stating the Association was deemed to have consented to the relief sought in her motion. Following Plaintiff Oliver's notice, the district court entered a minute order granting Plaintiff Oliver's motion for attorney fees. Shortly thereafter, the Members filed a motion to set aside the district court's minute order. In their motion, the Members noted their attorney's absence from the country and that their attorney had not been served with a "file[-]stamped copy" of Plaintiff Oliver's motion for attorney fees. The Members also challenged the reasonableness of the attorney fees sought. The Association itself, however, did not challenge Plaintiff Oliver's motion for attorney fees. Accordingly, pursuant to its minute order, the district court entered an award attorney fees in favor of Plaintiff Oliver and against the Association in the amount of $55,319.14. This appeal followed.

## DISCUSSION

**{10}** In its appeal from the district court, the Association argues the district court lacked subject matter jurisdiction, the district court erred in enforcing the Settlement Agreement as it was not an enforceable contract, the district court erred in striking the Association's answer and granting default judgment, and the district court erred in awarding attorney fees. We address each argument in turn.

### Subject Matter Jurisdiction

**{11}** The Association first challenges the district court's subject matter jurisdiction. We review the question of whether the district court had subject matter jurisdiction de novo. *Piedra, Inc. v. N.M. Transp. Comm'n*, 2008-NMCA-089, ¶ 34, 144 N.M. 382, 188 P.3d 106. "The source of a district court's jurisdiction derives from the New Mexico Constitution." *Ping Lu v. Educ. Tr. Bd. of N.M.*, 2013-NMCA-010, ¶ 9, 293 P.3d 186. "New Mexico district courts are courts of general jurisdiction having the power to hear all matters not excepted by the constitution and those matters conferred by law." *Id.* (internal quotation marks and citation omitted); *see* N.M. Const. art. VI, § 13 (providing the scope of the district courts' jurisdiction).

**{12}** The Association argues the district court was without subject matter jurisdiction in this case because the Settlement Agreement effectively granted water rights through contract, contravening New Mexico's statutory scheme for adjudicating water rights. However, Plaintiffs' complaint requested the enforcement of Baker's fiduciary duty as well as the terms of a contract, not the adjudication of water rights. Because this case arises from claims of breaches of contract and fiduciary duty, we conclude the district court had subject matter jurisdiction to adjudicate Plaintiff's claims. *See Ping Lu*, 2013-NMCA-010, ¶ 9 (explaining district courts' general jurisdiction). To the extent the Association argues the district court lacked subject matter jurisdiction because the Settlement Agreement was entered into in violation of the Association's articles of incorporation, we need not address this question as the Association has failed to cite to any supporting authority. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no

such authority exists."). Having resolved this threshold matter, we proceed to the remainder of the Association's arguments.

## Enforcement of the Settlement Agreement

**{13}** The Association next argues the district court erred in enforcing the Settlement Agreement as it was unenforceable on two grounds. First, the Association argues the Settlement Agreement was unenforceable because it was not signed by an attorney, but was instead signed by the Association's former president on behalf of the Association. In its explanation of how the issue was preserved in the district court, the Association cites the motion for summary judgment filed by the Members. This motion failed to preserve the issue for two reasons. First, the motion challenged the former president's authority to bind the Association, rather than the necessity for an attorney to sign the Settlement Agreement. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *Gonzales v. Shaw*, 2018-NMCA-059, ¶ 14, 428 P.3d 280 ("In order to preserve an issue for review, a party must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon." (internal quotation marks and citations omitted)). Second, the motion was filed not by the Association, but by the Members; the Association did not object on the grounds raised on appeal nor join in its co-defendants' argument. *See State v. Frazier*, 2007-NMSC-032, ¶ 38, 142 N.M. 120, 164 P.3d 1 (noting that a defendant fails to preserve an issue when he does "not object or join in his co-defendant's objections"). We therefore decline to review this argument further.

**{14}** The Association also appears to argue its former president was without the authority to bind the Association when signing the Settlement Agreement. However, we decline to review this argument as it is both unclear and undeveloped. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that we do not review unclear and undeveloped arguments).

## Striking the Association's Answer and Granting Default Judgment

**{15}** The Association also argues the district court erred in striking its answer to Plaintiffs' complaint and granting default judgment against the Association. With regard to the district court's order striking the Association's answer, we first note that the Association makes no argument on appeal concerning service of process, which was its only stated basis argued to the district court for waiting to file a conforming answer. Rather, on appeal, the Association argues it has a constitutional right to file pleadings pro se through its non-attorney officers, in direct conflict with this Court's holding in *Martinez v. Roscoe*, 2001-NMCA-083, ¶¶ 8, 15, 131 N.M. 137, 33 P.3d 887 (requiring artificial legal entities, including corporations, to file pleadings through a licensed attorney). The Association did not raise its constitutional argument in the district court. *See* Rule 12-321(A); *Gonzales*, 2018-NMCA-059, ¶ 14. We acknowledge that the Association appears to argue it was precluded from preserving this argument because the district court struck its pleadings and granted default judgment. However, the

Association nonetheless failed to present the constitutional argument it now raises on appeal in its response to Plaintiffs' motion to strike its answer or any of its subsequent motions, during which time the Association was represented by counsel. We therefore conclude the Association failed to preserve this argument, and we decline to review it further.

**{16}** Having concluded the Association failed to preserve its argument that it was constitutionally permitted to file pleadings pro se through its non-attorney officers, we proceed to its argument that the district court erred in granting default judgment in Plaintiffs' favor. We review the district court's order for an abuse of discretion. *See Gandara v. Gandara*, 2003-NMCA-036, ¶ 9, 133 N.M. 329, 62 P.3d 1211 ("A grant of default judgment . . . rests within the sound discretion of the district court."). After the district court struck the Association's answer, the Association failed to file, amend or supplement its answer through counsel. There being no pleading or defense to Plaintiffs' complaint, filed with the district court, we conclude the district court did not err in granting default judgment. *See* Rule 1-055(A), (B) NMRA (providing that the district court may enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules[,]" and the party entitled to default judgment applies to the district court for such relief); *Gandara*, 2003-NMCA-036, ¶ 9 (providing the abuse of discretion standard).

## Attorney fees

**{17}** The Association's final argument is that the district court erred in awarding attorney fees to Plaintiff Oliver for three reasons. First, the Association argues an award of attorney fees based on the Settlement Agreement cannot stand because the agreement itself is unenforceable for the reasons stated above. However, as we have concluded the Association's arguments regarding the enforceability of the Settlement Agreement were unpreserved, unclear, and undeveloped, we decline to review this argument further.

**{18}** Second, the Association argues the attorney fees were not reasonable. Although the Association challenged the reasonableness of the amount of attorney fees Plaintiffs sought in their initial motion for attorney fees, the district court deferred ruling on the matter of attorney fees and the Association failed to challenge the reasonableness of the amount sought in Plaintiff Oliver's subsequent motion for a greater award of attorney fees. While the Members, in their motion to set aside the district court's minute order, challenged the reasonableness of the attorney fees Plaintiff Oliver sought against the Association in the subsequent motion for attorney fees, the Association did not itself challenge the reasonableness of such fees nor join in its co-defendants' challenge to that effect. *See Frazier*, 2007-NMSC-032, ¶ 38 (noting that a defendant fails to preserve an issue when he does not object nor join in his co-defendant's objections). And while the Association argues it was precluded from preserving this issue because it was denied the right to appear pro se through its non-attorney officers, its argument fails to consider the several motions filed by the Association through counsel after the district

court struck its answer and counterclaims. We therefore decline to review this argument further.

**{19}** Third, the Association argues the district court erred in granting Plaintiff Oliver attorney fees because she "did not prevail." "[T]he prevailing party" is entitled to reasonable attorney fees in litigation undertaken to enforce or interpret the Settlement Agreement that is the basis of Plaintiff Oliver's breach of contract and breach of fiduciary duty claims. *See Fort Knox Self Storage, Inc. v. W. Technologies, Inc.*, 2006-NMCA-096, ¶ 34, 140 N.M. 233, 142 P.3d 1 ("Under New Mexico law, at the end of the entire action, the prevailing party is the party who wins on the merits or on the main issue of the case." (internal quotation marks and citation omitted)). "The district court has broad discretion in setting attorney fees, and an award will not be reversed unless there is an abuse of discretion." *Miller v. Johnson*, 1998-NMCA-059, ¶ 34, 125 N.M. 175, 958 P.2d 745.

**{20}** The Association argues the Settlement Agreement does not entitle Plaintiff Oliver to attorney fees because the damages awarded to Plaintiffs were less than the total amount Plaintiffs sought to recover and were only a few dollars more than the amount the Association proffered before Plaintiffs' complaint was filed. The Association, provides no authority for these propositions, *see Curry*, 2014-NMCA-031, ¶ 28 ("Where a party cites no authority to support an argument, we may assume no such authority exists."), but, as we have previously explained, "[a] party who wins on the merits or on the main issue of the case" is the prevailing party "even if the party does not prevail to the extent of his original contention." *Fort Knox Self Storage, Inc.*, 2006-NMCA-096, ¶ 34 (internal quotation marks and citation omitted). Absent an explanation and citation to relevant authority, "[w]e will not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted). "To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." *Id.* "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.* The Association has failed to explain how the district court abused its authority when it awarded attorney fees to Plaintiff Oliver.

**CONCLUSION**

**{21}** We affirm the district court's default judgment and award of attorney fees.

**{22}** **IT IS SO ORDERED**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JACQUELINE R. MEDINA, Judge**