This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40457**

**CARRIE NEESE,**

Plaintiff-Appellee,

v.

**RAGING BULL OILFIELD
SERVICES, LLC,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Jane Shuler Gray, District Court Judge**

Ragsdale Law Firm, P.C.
Luke W. Ragsdale
Roswell, NM

for Appellee

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Charles J. Vigil
Randy Taylor
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Raging Bull Oilfield Services, LLC, appeals from the district court's entry of default judgment for Plaintiff Carrie Neese. Defendant argues the district court abused its discretion by (1) denying Defendant's corporate representative Martin Lebrun's request to continue the trial setting in order to enable Defendant to obtain legal representation, after previously ordering that Defendant could appear pro se and never

having previously informed Mr. Lebrun that as a matter of law, a non-attorney could not appear on behalf of a corporation; (2) denying its Rule 1-060(B)(1) NMRA motion to set aside the judgment and for a new trial; (3) failing to enter findings of fact and conclusions of law as requested in Defendant's Rule 1-059(A) NMRA motion; and (4) granting Plaintiff's post-judgment interest exceeding the statutory maximum allowed. We hold that the district court abused its discretion when it denied Defendant's Rule 1-060(B)(1) motion. We therefore reverse and remand.

## BACKGROUND

### I.      Initial Proceedings

{2}      We begin with a detailed review of the procedural history and the district court's statements during various hearings in order to illustrate why this case requires reversal. Plaintiff filed her original complaint in January 2016 and an amended complaint in April 2016. Plaintiff alleged that Defendant violated Title VII of the Civil Rights Act, violated the New Mexico Human Rights Act, and intentionally inflicted emotional distress. The district court scheduled trial for October 2017.

{3}      The district court continued the trial setting four times. In September 2017 Plaintiff moved to vacate and continue the trial because the parties were attempting to resolve the claims through mediation. The district court vacated the trial and set a scheduling conference for November 2017. Plaintiff moved to vacate the scheduling conference due to counsel's unavailability and the district court rescheduled the scheduling conference for January 2018. At the scheduling conference in January 2018, the district court scheduled trial for October 2018.

{4}      In June 2018, Plaintiff filed a notice of substitution of counsel. In September 2018, the district court vacated the October 2018 trial after the parties stipulated to its continuance. During a November 2018 scheduling conference, the district court rescheduled the trial for May 2019.

{5}      In March 2019, defense counsel moved to vacate the trial, citing his upcoming motion to withdraw as counsel. In support of his motion to withdraw, defense counsel asserted "[f]or several reasons, including a lack of contact and communication with the client, there has been a breakdown in the attorney-client relationship." Defense counsel requested that the district court enter an order allowing him to withdraw and ordering that "Defendant shall have twenty (20) [days] to retain counsel or otherwise be presumed to be pro se." The district court granted the motion to vacate and the motion to withdraw. In the order granting withdrawal, the district court ordered "that . . . Defendant shall have twenty (20) [days] to retain new counsel or [be] deemed to have entered an appearance pro se." The district court rescheduled trial for September 2019 sending notice of the trial setting to Defendant's former counsel.

{6}      In July 2019, the district court held a status conference at Plaintiff's request. Defendant did not appear for the status conference. The district court, at the start of the

hearing, asked Plaintiff's counsel: "Okay. Have you heard anything from these gentlemen or anybody else?" Plaintiff's counsel responded that he had not and that is why he requested the status conference. He further explained: "This case has been pending for two years and it's been continued multiple times at the request of . . . Defendant and I want to make sure that there's not an entry of appearance on" the day of trial. The district court and plaintiff's counsel then engaged in the following colloquy:

> THE COURT: Oh, don't worry, if they do, they better be ready for trial that day. Let's put it that way. I guess what you can do is bide your time and we'll call the case and you show. And, there has been a responsive pleading, right?
>
> ATTORNEY: Yes. There has been.
>
> THE COURT: I guess then you can just put on, you know. I'm assuming not a lot of witnesses to do your prima facie . . . almost like a default hearing, in a way. And, assuming if they don't show and *if they do show and they have no counsel, then they will have to represent themselves pro se*, I suppose. I don't know what else to tell you. But, keep your fingers crossed.

The district court concluded by stating,

> This is a 2016 case, so, I mean, I'm not inclined to give anybody you know, "oh, we need to get ready for trial your honor." Well, like tonight would be good, because this is too old for them to use this. And now they could be here saying, "We're getting somebody lined up, [because] trial's about, what, three months away?" They would have some time to get up to speed if they got in now, so, alright. Well, that's where we stand and we'll see where it goes but you're still on for September. We won't take you off. How's that?

{7}     To the court's surprise, Defendant's managing member and corporate representative, Mr. Lebrun, and Fernando Ibarra, a member of the LLC, appeared on behalf of Defendant as its pro se representatives for trial on September 9, 2019. Plaintiff and her counsel appeared telephonically. The district court commenced the hearing and engaged in the following colloquy:

> THE COURT: Good morning. Who's on the line?
>
> ATTORNEY: Good morning, your honor. This is Luke Ragsdale. How are you today?
>
> THE COURT: I'm okay. Let me call your case. This is CV-2016-122. Carrie Neese versus Raging Bull Oilfield Services. Are you guys here on that? We have two people out here. What are your names, sir?

MR. LEBRUN: Martin Lebrun.

THE COURT: Okay.

MR. IBARRA: [Fernando] Ibarra.

**{8}** The court then asked Mr. Lebrun and Mr. Ibarra if they had an attorney. One of them told the court that they did not have an attorney. The district court then commented that the case "went kind a dead in the water" since the withdrawal of their previous attorney and they "had some hearings and no one appeared." So the court "[s]et this for a trial [for that day] thinking it [would] be a quick default because we didn't . . . you hadn't been to court in a long, long time."

**{9}** The district court then asked Plaintiff's counsel, "So, what's your preference Mr. Ragsdale? Do you want to proceed on?" Before Plaintiff's counsel answered, the court said, "I don't have time for a full trial this morning. We thought this was going to be a quick default." Plaintiff's counsel suggested resetting trial for a new date. The court and Plaintiff's counsel then engaged in the following discussion concerning the rescheduling and length of the trial:

THE COURT: Okay. We'll reset it for a trial. Okay. So, what are we looking at? We're having computer issues this morning. Apparently, it's Monday morning and nobody wants to go back to work, especially our computer system. How long a trial do you expect this to be, Mr. Ragsdale?

ATTORNEY: Well. I think if they are going to continue to stay pro se, I think we can do it in one day.

THE COURT: Okay.

ATTORNEY: But, but if, if they hire counsel again, [it] may take longer.

THE COURT: Okay.

ATTORNEY: Just because of the nature of being represented and the nature of pro se. But, as of this point, I think we just set it for a day somewhere.

The district court rescheduled trial for November 2019. Following the conclusion of the hearing and a discussion between the district court, court staff, Mr. Lebrun, and Mr. Ibarra regarding their email and mailing address, Mr. Lebrun asked, "Your Honor, are we allowed to retain counsel?" The district court responded, "Absolutely. You really should. . . . Yeah. I highly recommend it." The district court did not inform Mr. Lebrun that he could not represent Defendant, a corporation, under New Mexico law. *See Martinez v. Roscoe*, 2001-NMCA-083, ¶¶ 3-15, 131 N.M. 137, 33 P.3d 887 (holding that

artificial legal entities require legal representation by a licensed attorney and cannot appear pro se through a manager).

**{10}** Mr. Lebrun—acting pro se for Defendant—filed a motion to vacate and continue the November 2019 trial. In support of the motion, Mr. Lebrun stated, "This court admonished Defendant to seriously consider retaining legal representation before trial. Defendant has belatedly come to appreciate the wisdom in the court's admonition." Mr. Lebrun requested additional time to retain counsel and to conduct further discovery. The district court denied the motion.

**{11}** The order—issued eight months after defense counsel had withdrawn—explained "counsel for Defendant[] withdrew for the reason of 'lack of contact and communication with client.'. . . [Mr. Lebrun was] strongly urged to hire counsel. In the ten months since [defense counsel] withdrew, no attorney has entered an appearance for Defendant[]." Further, "[b]ecause . . . Defendant[] had not shown at hearings, had not retained counsel, or dealt with opposing counsel on a pro se basis, this [c]ourt presumed they would not show for trial." But "[u]nexpectedly, Defendant[] appeared, but again, without counsel." The district court concluded that "[a]s of the writing of this [o]rder, no attorney has entered an appearance on behalf of Defendant[]."

**{12}** The district court again did not inform Mr. Lebrun that he was prohibited from proceeding as the pro se representative of Defendant and therefore could not file pleadings on Defendant's behalf or represent Defendant at the November 18, 2019, trial. Similarly, Plaintiff did not file any pleading seeking to strike the motion to continue or otherwise act to inform the district court and Mr. Lebrun that Mr. Lebrun was prohibited from serving as the pro se representative for Defendant.

## II.     The November 18, 2019 Trial Setting

**{13}** The parties appeared for trial on November 18, 2019. On the way into court, counsel for Plaintiff engaged Mr. Lebrun in settlement discussions, treating him as the representative of Defendant. Prior to the presentation of evidence, the district court advised "[w]e've got a problem here, gentlemen," and raised the issue of Mr. Lebrun's improper pro se representation of Defendant. Plaintiff then argued, for the first time, and the district court agreed, that Mr. Lebrun could not represent Defendant because "a lawyer has to appear for a corporation. An individual can't. That's practicing law without a license." Plaintiff told the district court that "[i]f you recall, we had multiple scheduling conferences that I asked for, and at those scheduling conferences [Defendant] chose not to attend." Plaintiff's attorney concluded that "as a member of the New Mexico State Bar, as an officer of this court, I am going to object to Mr. Lebrun putting on any testimony or calling any witnesses because he is not a defendant in this case personally." Plaintiff then stated, "We're prepared to move forward, if the court would allow us to do so. Even without a defendant present." The district court allowed Plaintiff to present its case in a default hearing without Defendant's participation. The district court informed Mr. Lebrun, who was present in the courtroom, that "because the corporation is sued, a non-licensed person cannot represent a corporation. They can't

be in court. You can't come to court and practice law [because] you're not licensed in New Mexico."

**{14}** The district court relied on Plaintiff's review of the procedural history of the case and its own memory to (1) rule that Mr. Lebrun was barred from participating at trial entirely, (2) allow Plaintiff to present evidence, and (3) deny Mr. Lebrun's motion to vacate and continue the trial to a later date so that Defendant could hire counsel. The district court told Mr. Lebrun that it had heard nothing from Defendant "until the day of trial when you showed up." Further, the district court stated it set the previous trial date—without support in the record—"for essentially a default hearing, because we had called hearing after hearing after hearing, and nobody from [Defendant] ever came to court and you didn't come to court for months on end is my recollection" and "I seem to recall that we had several hearings." The district court then cut off Mr. Lebrun's explanation that he only missed one hearing—"I don't know. Months on end, you were like gone after [defense counsel] withdrew. I didn't see or hear from anybody." **{15}** Mr. Lebrun and the district court then discussed whether Mr. Lebrun had been notified that representation was required. "Your honor, the last time I was here, speaking with you, you had highly recommended that we hire an attorney, but it was not made aware to me that it was a requirement to be here today." The district court, responded, "Well it is. You have to. That's why I said it." The district court further emphasized that

> I actually, when I set the trial per se [because] you had been gone for essentially, I think it was a ten-month time frame. There's been nothing. We heard nothing. I heard nothing, anyway. So, I thought, why make [Plaintiff's counsel] drive down here for a hearing when you're not gonna [sic] show. He could call-in. Well, when you showed up, I thought, well, he's gonna [sic] have to present stuff in-person now [because] you're here, unexpectedly. It's the first we've seen of you in months and months and months and months.

The court then opined the impact the delay has had on Plaintiff. The court stated, "And there is a bias to . . . Plaintiff. She's been waiting. This is a 2016 case. It's almost three years old. And there's been no progress in a three-year-old case. This is nuts."

**{16}** The district court concluded with "the point is, for ten months, at least, this case has been dead. Out of the almost three-year time frame, this is ridiculous. I'm not really clear how to proceed forward. I'm not going to grant the motion to delay the trial. [Plaintiff's counsel] was ready to go that day. I set a trial—essentially a [default]—we thought it was a default [because] we'd not heard anything." The district court then allowed Plaintiff to proceed with a default hearing, ruling that Mr. Lebrun could not participate in any way at trial because he was not an attorney. The district court denied Mr. Lebrun's renewed motion to continue in order to obtain counsel.

**{17}** Plaintiff was the sole witness to testify. After the close of evidence, the district court further explained its reasons for proceeding with trial, declining to grant Defendant

a continuance, and ultimately entering judgment in favor of Plaintiff. The district court reviewed whether Defendant was prepared for trial before defense counsel withdrew. While reviewing the file, the district court referenced an expert witness list filed by previous defense counsel and stated, "It's pretty clear that, that [defense counsel] didn't have a lot to work with [because] his witness list just says unidentified at this point," making the point that it was filed without identifying an expert witness because of the lack of participation by Defendant. The district court did not mention that on June 29, 2017, eighteen days prior to the filing of the expert witness list referenced by the district court, previous defense counsel filed Defendant's list of lay witnesses, identifying six "lay witnesses that may be called at trial in this matter." The district court also stated, "It was anticipated that [Defendant] would hire alternative counsel, and that was March [2019]." But "then it pretty much nothing happened in that whole time. Nothing. And trial was set, and vacated one other time I think" and "no one had entered an appearance. I know we had set some hearings—probably scheduling conferences—and nobody appeared on behalf of [Defendant]." The district court emphasized that "this case just kinda [sic] went radio silent for, well, since March . . . months and months on end. Hearings were set, nobody appeared." Finally, the district court stated, "The case was filed just coming up on three, or two months shy of three [years]. Three years in this case. [Plaintiff]'s entitled to have relief." "I don't wish to prejudice anybody in this case" but "[Defendant has] had more than a fair chance to do something." "When you say there's no prejudice to . . . Plaintiff if I were to give you additional time—and as we speak today you don't have an attorney right? [A]s we are today here, there's no attorney." The district court then entered judgment in favor of Plaintiff and granted all relief requested, including punitive damages and 20 percent post-judgment interest.

**{18}** Mr. Lebrun then asked once again for a continuance to hire counsel now that he was aware it was required. The district court denied his request, stating, "You just told me you don't have any counsel" and "I cannot believe you didn't know that it was a requirement. I believe I personally told you, you needed to get an attorney."

**{19}** The district court entered a default judgment on November 21, 2019, in which it stated that its judgment was based on the "pleadings, evidence and testimony of [Plaintiff]." The district court found that Defendant violated the New Mexico Human Rights Act and Tile VII of the United States Civil Rights Act, awarded Plaintiff $200,000 in compensatory damages and $300,000 in punitive damages, and imposed a 20 percent interest per annum on the award.

### III.    Defendant's Post-Trial Motion Under Rule 1-060(B)

**{20}** After entry of the final judgment, Defendant retained counsel. Relevant to this opinion, Defendant filed a Rule 1-060(B) motion to set aside the judgment and for a new trial. *See* Rule 1-055(C) NMRA (providing that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 1-060").

**{21}** Defendant asserted that setting aside the judgment under Rule 1-060(B)(1) for mistake or excusable neglect was appropriate because Mr. Lebrun believed that he would be allowed to represent Defendant pro se due to the district court's previous interactions with him, including referencing him as a defendant in the denial of his motion to continue to obtain counsel, and Mr. Lebrun did not realize this mistake until the morning of trial. Defendant also argued that setting aside the judgment was appropriate under Rule 1-060(B)(3) for misrepresentation of the other party because Plaintiff led Mr. Lebrun to believe that he could represent Defendant pro se through multiple communications discussing discovery matters, settlement offers, and other matters related to trial. Defendant attached an affidavit from Mr. Lebrun stating the same and documented conversations between Mr. Lebrun and Plaintiff about the case in support. Finally, Defendant argued that it had meritorious defenses to Plaintiff's testimony at the November 18, 2019, default setting.

**{22}** The district court held a hearing on March 2022, where relevant to this appeal, it denied Defendant's motion. At the start of the hearing, while defense counsel was making his argument in support of Defendant's motion, the district court stated, "Let me interject here. I told them they had to have counsel. Because they were a corporation, they were advised." After defense counsel concluded his initial argument, the district court stated, "I'd like to check the actual record. I don't know what my wording was, but surely I told you 'you cannot represent a corporation unless you are an attorney. I urge you to get an attorney.'"

**{23}** At the district court's request for Plaintiff's counsel to verify the district court's memory of the case, Plaintiff's counsel added that "[the district court] actually set two status conferences. One in July and one in September." Plaintiff's counsel asked that the district court "hold [Defendant's] feet to the fire," and confirmed that he "specifically remember[s] [the court] telling [Mr. Lebrun] when Mr. Lebrun was present, he needs to get counsel. Because he cannot represent himself." However, Plaintiff's counsel did admit that he tried to negotiate with Mr. Lebrun between March and November in an attempt to settle the case. Plaintiff concluded that the district court "told them to have a lawyer. And they chose not to."

**{24}** Relying on Plaintiff's statements, the district court emphasized, "I said you've got, you cannot represent this corporation unless you're an attorney. They knew it. I mean I expressly said it. And then I, yes, I strongly urged them to get a lawyer. And then I set apparently two status conferences seeing if they had a lawyer" but no one entered an appearance. The district court then made repeated statements of disbelief in response to Defendant's argument that Mr. Lebrun was unaware that he could not proceed pro se, and once again requested Plaintiff's counsel verify the district court's memory:

> THE COURT: [to Plaintiff's counsel], You recall, did I not tell him—the corporation had to have an attorney?
>
> ATTORNEY: Yes. Absolutely.

THE COURT: You recall that?

ATTORNEY: Absolutely.

**{25}** The district court concluded, "Alright, well, our memories are different, but my memory is you've been advised to get a lawyer . . . I don't think it's a mistake or inadvertence"; "I understand what [Mr. Lebrun] is saying now but I disagree because I was there"; "There were several hearings"; and "I do recall telling the representatives of this corporation you can't appear in court nor argue your case, you need a lawyer." The district court then denied Defendant's motions.

**{26}** This appeal followed.

## DISCUSSION

### IV.    Defendant's Rule 1-060(B)(1) Motion

**{27}** "We generally review the district court's grant of relief under Rule 1-060(B) for an abuse of discretion except in those instances where the issue is one of pure law." *Kinder Morgan CO2 Co., L.P. v. N.M. Tax'n & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110 (text only) (citation omitted). Here, the district court based its decision on factual issues and so we review for abuse of discretion. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case" and we must be able to "characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). "Where the [district] court's discretion is fact-based, we must look at the facts relied on by the [district] court as a basis for the exercise of its discretion, to determine if these facts are supported by substantial evidence." *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 60, 134 N.M. 77, 73 P.3d 215 (internal quotation marks and citation omitted). "If the facts essential to the [district] court's judgment are not established by substantial evidence in the record, we will necessarily find an abuse of discretion." *Id.* (internal quotation marks and citation omitted).

**{28}** Rule 1-060(B)(1) provides that "[o]n motion and on such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for various reasons, including "mistake, inadvertence, surprise, or excusable neglect." "[P]roper application of Rule 1-060(B) requires courts to balance interests of finality versus relief from unjust judgments" and "the district court should be liberal in that determination." *Kinder Morgan CO2 Co., L.P.*, 2009-NMCA-019, ¶ 10 (internal quotation marks and citation omitted). "We note, yet again, that any doubts about whether relief should be granted are resolved in favor of the defaulting defendant because default judgments are not favored in the law; that in the absence of a showing of prejudice to the plaintiff, causes should be tried upon the merits." *State ex rel. McGill v. Bassett*, 2023-NMCA-033, ¶ 9, 528 P.3d 739 (text only) (citation omitted). "Because default judgments are not favored and a trial on the merits is preferred, only a slight abuse of discretion is sufficient to justify reversal." *Id.* (internal quotation marks and citation omitted).

**{29}** Defendant argues that the district court's denial of its Rule 1-060(B) motion to set aside the judgment was an abuse of discretion. Specifically, Defendant contends the district court's factual findings underpinning its rejection of Defendant's argument that its failure to appear was a result of mistake, inadvertence, surprise, or excusable neglect are not supported by substantial evidence. Defendant argues that substantial evidence does not support the district court's findings that it notified Defendant it was required to have counsel, that it set multiple hearings where Defendant failed to appear to discuss Defendant's representation, and that it eventually set the case for trial due to Defendant's failure to participate in the case. Plaintiff does not respond to Defendant's argument or cite to evidence in the record to support the facts upon which the district court based its decision. We agree with Defendant that the district court's decision was not supported by substantial evidence and explain.

**{30}** Although the district court repeatedly emphasized that it told Defendant that it must be represented by counsel and Mr. Lebrun *could not represent* Defendant pro se before the November 18, 2019 trial, our review of the record reveals otherwise. Rather, the only statement made by the district court regarding hiring counsel to Mr. Lebrun came at the September 9, 2019, trial date. There, in response to Mr. Lebrun's question: "Your honor, are we allowed to retain counsel?" the district court stated, "Absolutely. You really should. Yeah. I highly recommend it." The district court did not tell Mr. Lebrun that he could not represent Defendant or that Defendant *must* be represented by a licensed attorney in order to participate in the case. According to Mr. Lebrun, Plaintiff even made efforts to resolve the case with him on the morning of trial.

**{31}** Similarly, the district court repeatedly emphasized that Defendant missed several hearings. Again, our review of the record does not support this statement. Based on our review, Defendant missed one hearing—the July 8, 2019, status conference requested by Plaintiff. Moreover, contrary to the district court's assertion, this hearing was not set to discuss whether Defendant had hired new counsel, but rather to discuss whether the parties were proceeding with the September 9, 2019, trial date.

**{32}** Finally, the district court stated that it was also denying Defendant's motion because Defendant's failure to participate in the case caused unexcused delay. Although Defendant did not appear for the July 2019 status conference, Mr. Lebrun appeared for the September 9, 2019, trial and was prepared to move forward with the case, albeit not as a licensed attorney. However, at that time neither the district court nor Plaintiff raised the issue that Defendant must be represented by a licensed attorney. Indeed, Plaintiff conceded that between defense counsel's withdrawal in March 2019 and the November trial date, Plaintiff worked with Mr. Lebrun to move the case forward. The delay after the September 9, 2019, trial date occurred in part because—without entry of notice or evidence in the record—the district court converted the September trial date into a default hearing. The parties were then required to reset trial to November 18, 2019.

**{33}** We also note that the district court's mistaken belief underpinning its decision relied in part on Plaintiff's inaccurate statements reinforcing the district court's reasoning

for denying Defendant's motion. Plaintiff's counsel stated, "You did. I specifically remember [the district court] telling [Mr. Lebrun] when Mr. Lebrun was present, he needs to get counsel. Because he cannot represent himself." "You told them to have a lawyer and they chose not to," and responded "[a]bsolutely" when the district court asked again if Plaintiff remembered the district court stating that Defendant must have counsel. Plaintiff clarified that the district court "actually set two status conferences. One in July and one in September." Finally, Plaintiff asked the district court "to hold Defendant's feet to the fire" because the case was originally filed in 2016.

**{34}** In sum, our review of the record shows that the district court's denial of Defendant's Rule 1-060(B)(1) motion was not supported by substantial evidence. In fact, our review of the record shows no evidence to support the district court's decision and only facts contrary to the district court's reasoning. Because the district court's decision to deny Defendant's Rule 1-060(B)(1) motion was not supported by substantial evidence, "we will necessarily find an abuse of discretion." *Apodaca*, 2003-NMCA-085, ¶ 60 (internal quotation marks and citation omitted). Therefore, we hold that the district court erred by denying Defendant's Rule 1-060(B)(1) motion to set aside the judgment. We next continue to Defendant's mistake argument—although not necessary—because of the unique circumstances of the case.

**{35}** A mistake under Rule 1-060(B)(1) "can be a mistake of any party to the action and need not be the mistake of the movant." *Curliss v. B & C Auto Parts*, 1993-NMCA-139, ¶ 15, 116 N.M. 668, 866 P.2d 396. However, the movant "is required to make some showing as to why he is justified in having failed to avoid the mistake, and the showing needs to be more than mere unhappiness with the judgment or carelessness." *Id.* "[T]he district court should be liberal in determining what constitutes good cause to vacate a judgment so that the ultimate result will address the true merits and substantial justice will be done." *Wells Fargo Bank, N.A. v. City of Gallup*, 2011-NMCA-106, ¶ 12, 150 N.M. 706, 265 P.3d 1279 (internal quotation marks and citation omitted).

**{36}** Defendant argues that its failure to hire counsel qualified as a mistake under Rule 1-060(B)(1) because the district court entered an order stating it was proceeding pro se, and through Mr. Lebrun appearing in court, filing a motion, and negotiating with Plaintiff all while acting as Defendant's pro se representation. Plaintiff argues that Defendant's failure was not a mistake because Defendant's failure to hire counsel could have been avoided, and cites to defense counsel's motion to withdraw and the district court's order granting the motion that "stressed the need for [Defendant] to secure new counsel." Plaintiff's counsel also argues that he had no obligation to provide information to Defendant or correct Mr. Lebrun's belief that he could represent Defendant pro se. *But see* Rule 16-303(A)(1) NMRA ("A lawyer shall not knowingly[] . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.").

**{37}** Under the facts and circumstances of the case, Defendant's mistake that it could represent itself pro se through Mr. Lebrun was reasonable. After defense counsel withdrew, the district court ordered "that . . . Defendant shall have twenty. . . [days] to

retain new counsel *or [be] deemed to have entered an appearance pro se*." Acting under the language of the district court's order, Defendant then participated in the case through Mr. Lebrun from March 2019 until November 2019 where the district court—contrary to its statements at the final hearing—notified Defendant for the first time that it could not be represented pro se by Mr. Lebrun. During this time, Defendant, through Mr. Lebrun, appeared in court at the September 2019 trial date, participated in rescheduling the trial to November 2019, conducted discovery and settlement negotiations with Plaintiff and moved for an additional continuance, which the district court ruled on.

**{38}** Although contrary to law, Defendant was "justified in having failed to avoid the mistake," *Curliss*, 1993-NMCA-139, ¶ 15, because Defendant acted under the authority of the district court's order stating it was appearing pro se. Defendant's multiple interactions with both the district court and Plaintiff gave Defendant no reason to believe appearing pro se through Mr. Lebrun was inappropriate. Under these compelling circumstances, the district court's denial of Defendant's Rule 1-060(B)(1) motion was "clearly against the logic and effect of the facts and circumstances of the case." *Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 9 (internal quotation marks and citation omitted). Therefore, we hold that the district court, again, abused its discretion.

**{39}** Because we reverse the district court's denial of Defendant's Rule 1-060(B)(1) motion and set aside the judgment, we do not reach Defendant's arguments that the district court abused its discretion by denying Defendant's motion for a continuance to secure representation, abused its discretion by denying Defendant's Rule 1-059(A) motion, or awarded post judgment interest exceeding the district court's statutory authority. Additionally, we do not reach Defendant's argument that the district court erred by failing to enter findings of fact and conclusions of law.

**CONCLUSION**

**{40}** For the forgoing reasons, we reverse and remand for proceedings consistent with this opinion.

**{41}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**