This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42249

**HERMOSILLO & NUNEZ OF NEW MEXICO, LLC,**

Plaintiff-Appellant,

v.

**ANDREA GARCIA,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Jason M. Jaramillo, Metropolitan Court Judge**

Daniel G. Hermosillo-Lara
Albuquerque, NM

Pro Se Appellant

Andrea Garcia
Albuquerque, NM

Pro Se Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff Hermosillo & Nunez of New Mexico, LLC, appeals the metropolitan court's default judgment finding in favor of Plaintiff and ordering Defendant to pay damages. [RP 1, 50] We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In our notice, we suggested that self-represented litigants who are not licensed to practice law may not represent a limited liability corporation (LLC) on appeal. [CN 2] *See Martinez v. Roscoe*, 2001-NMCA-083, ¶ 15, 131 N.M. 137, 33 P.3d 887 (explaining

that limited liability companies must be represented by a licensed attorney). In its memorandum in opposition, Plaintiff contends that as a single-member LLC, its owner, Daniel G. Hermosillo-Lara, is permitted to appeal on Plaintiff's behalf in a self-represented capacity. [MIO 2-7] We note that in its docketing statement, Plaintiff did not specify it was a single-member LLC, nor did Plaintiff provide any further information to indicate that this Court should consider the applicability of Rule 3-107(B)(3) NMRA, which permits a self-represented litigant to represent an LLC on appeal so long as the LLC's "voting shares or memberships are held by a single shareholder or member" who is "active in the conduct of the business" and "who has been authorized to appear on behalf of the" LLC. Any clarification pertaining to this issue, however, does not affect our proposed disposition, given that our notice addressed the merits of Plaintiff's asserted issues notwithstanding any question regarding Mr. Hermosillo-Lara's pro se status in representing Plaintiff on appeal.

**{3}**     Plaintiff otherwise maintains that the metropolitan court erred in (1) denying Plaintiff's request for a hearing on its motion for default judgment, and (2) calculating and awarding damages. [MIO 2, 7, 9, 12, 17] Regarding the first issue, our notice suggested that Plaintiff failed to cite authority in support of its assertion that the metropolitan court was obligated to hold a hearing on Plaintiff's motion for default judgment, and further suggested that Plaintiff failed to demonstrate any prejudice that resulted from the metropolitan court's denial of the request for a hearing. [CN 5] In its memorandum in opposition, Plaintiff challenges our suggestion that the rules of civil procedure in the metropolitan court explicitly permit the metropolitan court to enter a default judgment without holding a hearing. *See* Rule 3-702 NMRA(A) (stating that "[i]f the defendant fails to appear at the hearing . . . *or* fails to file an answer or other responsive pleading within the [applicable] time period," and the plaintiff can prove "that proper service was made upon the defendant, the court may enter judgment for the plaintiff for the amount due, including interest, costs, and other items allowed by law" (emphasis added)).

**{4}**     Plaintiff asserts that our interpretation of Rule 3-702 "overlooks [the] fundamental legal principle" of "pro persona." [MIO 7] Without any citation to controlling authority, Plaintiff contends that the pro persona principle is a "recognized human rights standard requiring courts to choose the option most favorable to the individual when judicial discretion exists between multiple procedural options." [Id.] Although Plaintiff states that the pro persona principle negates any "need to search for case law to justify the necessity of a hearing," Plaintiff refers to Supreme Court of Mexico precedent as well as the federal principle of comity to support its contention that, in any particular case, a court must choose to apply the rule that best favors the individual. [MIO 8]

**{5}**     We conclude these authorities are inapposite to Plaintiff's contentions on appeal, and further conclude that this Court does not need to rely on out-of-state authorities to decide this issue. Plaintiff's docketing statement does not indicate any basis, other than Plaintiff's own contention, for this Court to look beyond the rules adopted by our Supreme Court, including Rule 3-702. To the contrary, we are obligated to give effect to and are precluded from changing such rules. *State v. Garcia*, 1984-NMCA-009, ¶ 18,

101 N.M. 232, 680 P.2d 613 (emphasizing that this Court "must give effect to rules adopted by the Supreme Court," and "[t]his Court does not have the power to change a rule promulgated by the Supreme Court"). We therefore remain unpersuaded that the district court erred by entering default judgment for Plaintiff—on Plaintiff's own motion—without first granting Plaintiff's motion for a hearing on default judgment. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}     Turning next to Plaintiff's contentions regarding the metropolitan court's calculating and awarding of damages, Plaintiff asserts that the metropolitan court erred in its calculations of pre-judgment and special damages, and in declining to award punitive damages. [MIO 9, 12, 17] In our notice, we proposed to affirm based on our suggestion that Plaintiff failed to demonstrate error as to these issues. [CN 6-8] In its memorandum in opposition, Plaintiff does not direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. Instead, Plaintiff's memorandum in opposition reasserts the same contentions raised in the docketing statement without directing this Court to any error in our proposed resolution of these issues beyond Plaintiff's own generalized assertions of error that are unsupported by citation to relevant authority. [MIO 10, 11, 15-17, 19-20] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy*, 1998-NMCA-036, ¶ 24. Although we understand Plaintiff to disagree with the proposed conclusions in our notice, the authorities cited in Plaintiff's memorandum in opposition are either inapposite to the issues on appeal or otherwise not controlling in our appellate review. It is not our duty to assume how a particular cited authority applies to the facts at hand without adequate analysis from a party, and Plaintiff has not provided any such analysis that could persuade this Court that our notice was in error. *See Lukens v. Franco*, 2019-NMSC-002, ¶ 5, 433 P.3d 288 (stating that an appellant is obligated to "properly present this court with the issues, arguments, and proper authority," and emphasizing that "[m]ere reference [to these components] in a conclusory statement will not suffice and is in violation of our rules of appellate procedure" (internal quotation marks and citation omitted)). We therefore remain unpersuaded that Defendant has demonstrated that this Court's calendar notice was in error.

{7}     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

{8}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**